IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EFFICIENT ONLINE PURCHASING, LLC and CORDANCE CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., PAYPAL INC., VICTORIA'S SECRET DIRECT BRAND MANAGEMENT, LLC and VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC.,<br><br>Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Efficient Online Purchasing, LLC ("Efficient") and Cordance Corporation ("Cordance") (collectively, "Plaintiffs"), by and through their undersigned counsel, for their Complaint against Defendants Apple Inc. ("Apple"); PayPal Inc. ("PayPal"); Victoria's Secret Direct Brand Management, LLC and Victoria's Secret Stores Brand Management, LLC ("Victoria's Secret"), allege as follows:

## THE PARTIES

1. Efficient is a Delaware limited liability company with a place of business at 500 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

2. Cordance, formerly known as OneName Corporation, is a Washington corporation having a principal place of business at 3020 Issaquah-Pinelake Road #74, Sammamish, Washington 98075.

3. Apple is a California corporation having a place of business at 1 Infinite Loop, Cupertino, California 95014.

4. PayPal is a Delaware corporation having a place of business at 211 North First Street, San Jose, California 95131.

5. Victoria's Secret Direct Brand Management, LLC is a Delaware corporation having a place of business at 3 Limited Parkway, Columbus, Ohio 43230.

6. Victoria's Secret Stores Brand Management, LLC is a Delaware corporation having a place of business at 3 Limited Parkway, Columbus, Ohio 43230.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*,

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,757,710

10. The allegations of paragraphs 1-9 above are restated and re-alleged as though fully set forth herein.

11. Cordance owns United States Patent No. 6,757,710 ("the '710 patent"), entitled "Object-Based On-Line Transaction Infrastructure." Efficient is an exclusive licensee under the '710 patent.

12. The '710 patent was duly issued by the United States Patent and Trademark Office on June 29, 2004. A copy of the '710 patent is attached hereto as Exhibit A.

13. Apple offers digital products such as songs and movies through an online store accessed by the media organization and purchasing platform known as iTunes. After deciding what product is desired, an Apple customer can purchase digital media (e.g. a song) through the iTunes platform with the single click of a mouse.

14. On information and belief, Apple has infringed, and continues to infringe, literally or under the doctrine of equivalents, the '710 patent, at least by implementing its iTunes purchasing platform.

15. Apple's infringement of the '710 patent has caused and continues to cause Plaintiffs to suffer substantial money damages.

16. On information and belief, Apple's infringement of the '710 patent has been and continues to be knowing and willful.

17. Apple's infringement of the '710 patent has caused and continues to cause Plaintiffs to suffer irreparable harm for which there is no adequate remedy at law.

18. PayPal is an e-commerce business that allows online shoppers to make payments and money transfers via customer accounts. The PayPal account system connects an online shopper from a website displaying a product desired for purchase with a payment processing platform in order to automatically complete the purchase of the desired item.

19. On information and belief, PayPal has infringed, and continues to infringe, literally or under the doctrine of equivalents, the '710 patent, at least by implementing its "Check-out with PayPal" purchasing platform.

20. PayPal's infringement of the '710 patent has caused and continues to cause Plaintiffs to suffer substantial money damages.

21. PayPal's infringement of the '710 patent has caused and continues to cause Plaintiffs to suffer irreparable harm for which there is no adequate remedy at law.

22. Victoria's Secret operates a women's wear retail store with an online purchasing system. Victoria's Secret maintains an online ordering platform that includes a "1-step express checkout" functionality. Through this "1-step express checkout" functionality Victoria's Secret automatically completes the purchase of a customer's desired item.

23. On information and belief, Victoria's Secret has infringed, and continues to infringe, literally or under the doctrine of equivalents, the '710 patent, at least by implementing the 1-step express checkout purchasing platform.

24. Victoria's Secret's infringement of the '710 patent has caused and continues to cause Plaintiffs to suffer substantial money damages.

25. Victoria's Secret's infringement of the '710 patent has caused and continues to cause Plaintiffs to suffer irreparable harm for which there is no adequate remedy at law.

26. This case is exceptional and therefore Plaintiffs are entitled to an award of its attorneys fees pursuant to 35 U.S.C. § 285.

## RELIEF REQUESTED

For the above reasons, Plaintiffs respectfully requests that this Court:

A. Enter judgment that Defendants have infringed the '710 patent;

B. Permanently enjoin Defendants, their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for Defendants or on their behalf, or acting in concert or privity with Defendants, from continuing to infringe the '710 patent;

YCST01:10871062.1    070168.1001

C.  Enter judgment that the infringement of Apple upon the '710 patent was knowing and willful;

D.  Award Plaintiffs compensatory damages under 35 U.S.C. § 284;

E.  Award Plaintiffs their costs and prejudgment and post-judgment interest, pursuant to 35 U.S.C. § 284 and other applicable law;

F.  Award Plaintiffs treble damages for Apple's willful infringement pursuant to 35 U.S.C. § 284;

G.  Award Plaintiffs their reasonable attorneys' fees under 35 U.S.C. § 285; and

H.  Award Plaintiffs such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: March 14, 2011

YOUNG CONAWAY STARGATT
    & TAYLOR, LLP

/s/ *Karen E. Keller*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jshaw@ycst.com
kkeller@ycst.com

*Attorneys for Plaintiffs Efficient Online Purchasing, LLC, and Cordance Corporation*

OF COUNSEL:

Michael A. Albert
malbert@wolfgreenfield.com
Chelsea A. Loughran
cloughran@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
(617) 646-8000